### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK WALLACE, a/k/a** | **:** | |
| **MARK GREEN,** | | |
| | **:** | **CIVIL ACTION NO. 1:04-1542** |
| **Petitioner** | | |
| | **:** | **(RAMBO, D.J.)** |
| **v.** | | **(MANNION, M.J.)** |
| | **:** | |
| **SUPERINTENDENT, SCI-CAMP** | | |
| **HILL and ATTORNEY GENERAL** | **:** | |
| **OF THE STATE OF** | | |
| **PENNSYLVANIA,** | **:** | |
| | | |
| **Respondents** | **:** | |

### REPORT AND RECOMMENDATION

Pending before the court are: (1) a petition for writ of habeas corpus, (Doc. No. 1); and (2) three motions for a preliminary injunction filed by the petitioner, (Doc. Nos. 6, 19, 32).

## I.  PROCEDURAL BACKGROUND

On July 16, 2004, the petitioner, a former inmate at the State Correctional Institution, Camp Hill, ("SCI-Camp Hill"), Pennsylvania[1], filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he alleges: (1) that he was denied bail without a statement of reasons in violation of his Fourteenth Amendment due process rights; and (2) that his equal protection rights are being violated because he has been denied credit for pre-sentence incarceration time.  (Doc. No. 1).

---

[1]The petitioner is currently confined at SCI-Dallas, Pennsylvania.

On July 30, 2004, the petitioner filed his first motion for a preliminary injunction, in which he seeks an order from this court "enjoining the Pennsylvania Department of Corrections, and the Philadelphia Sheriff's Department or any other officer on behave (sic) of the Commonwealth of Pennsylvania from taking petitioner into custody before this court can resolve the merit's of petitioner's application for writ of habeas corpus." (Doc. No. 6).

Prior to the court considering the petitioner's motion for a preliminary injunction, by report dated August 5, 2004, his habeas petition was given preliminary consideration and was construed as having been brought pursuant to 28 U.S.C. § 2254. (Doc. No. 7). Further, it was recommended that the action be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244. Specifically, the court noted that, prior to initiating the instant action, the petitioner had filed three (3) other habeas petitions in the United States District Court for the Eastern District of Pennsylvania, ("Eastern District"). It appeared to the court that, in the third petition filed in the Eastern District, the petitioner raised the same claim as is raised in the instant petition, (i.e., that he was arbitrarily denied bail in the state courts without a statement of reasons in violation of his Fourteenth Amendment due process rights). This third petition was dismissed with prejudice by the Eastern District as a successive petition. See Brown v. Curran Fromhold Correctional Facility, et al., United States District Court, Eastern District of Pennsylvania, Civil Action No. 2:03-cv-1741 (Ludwig, J.).

2

On August 17, 2004, the petitioner filed objections to the report and recommendation. (Doc. No. 8). In his objections, the petitioner claimed, in part, that the prior petitions filed in the Eastern District related to convictions other than the one challenged in the instant action. He further argued that, because none of his petitions in the Eastern District were considered on the merits, the instant action should not be dismissed as a second or successive petition pursuant to § 2244.

In considering the report of the undersigned and the petitioner's objections thereto, the court noted some confusion with respect to the disposition of the petitioner's actions in the Eastern District and the impact those decisions may have on the instant action. (Doc. No. 9). As a result, by order dated August 27, 2004, the court declined to adopt the report of the undersigned and remanded the matter to: (1) review the decisions of the Eastern District on the cases filed by the petitioner in that district and the effect of those decisions on the instant action; (2) determine whether this action is properly brought pursuant to § 2254 or § 2241[2]; (3) determine whether the instant action is a second or successive petition; and (4) determine if there has been exhaustion of the petitioner's claims.

Upon remand, the court issued an order dated September 2, 2004, in which the decision to construe the instant action as having been brought

---

[2]In his objections, the petitioner also challenged the court's determination that his action was more appropriately designated as a § 2254 petition.

pursuant to § 2254 was maintained.  In addition, the court directed service of the petition upon the respondents to address the remaining issues set forth by the court in the order of August 27, 2004.  (Doc. No. 10).

By letter dated September 10, 2004, the Office of Attorney General deferred any response to the petition to the Philadelphia County District Attorney's Office.  (Doc. No. 14).

On October 4, 2004, the petitioner filed a second motion for a preliminary injunction, the substance of which mirrored his first. (Doc. No. 19).

On October 8, 2004, when no response had been received from the Philadelphia District Attorney's Office to the petition, the court directed that Office to file a response to the petition within five days and to further show cause why sanctions should not be imposed for its failure to comply with the court's order of September 2, 2004.  (Doc. No. 21).

On October 15, 2004, the Philadelphia County District Attorney's Office filed a motion for extension of time, nunc pro tunc, together with a motion to dismiss the petition.  (Doc. No.  23 & 24).  In its motion to dismiss, the respondent indicated that it had not received the letter from the Attorney General's Office dated September 10, 2004, nor had it received any other filings in this case, other than the court's show cause order dated October 8, 2004.  In addition, the respondent argued in a two paragraph response that the court's prior determination that the instant action should have been brought pursuant to § 2254 was correct and that the action should be

4

dismissed for the petitioner's failure to exhaust state court remedies.  In light of the respondent's claim that it had not received any of the documents filed in this action, by order dated November 15, 2004, the court directed the Clerk of Court to serve the respondent with all relevant documentation, so that a proper response, as delineated in the court's order of September 2, 2004, could be filed.  (Doc. No. 31).

On November 22, 2004, the petitioner filed his third motion for a preliminary injunction, which is identical in substance to his first two.  (Doc. No. 32).

On December 9, 2004, the respondent filed a motion for extension of time, nunc pro tunc, together with a second response to the petition for writ of habeas corpus[3].  (Doc. Nos. 34 & 35).  On December 20, 2004, the petitioner filed a reply brief.  (Doc. No. 37).

---

[3]The court notes that this second response to the habeas petition is still not entirely in conformance with this court's order of September 2, 2004. While the response does address the issue of exhaustion, it does not address each of the other specific issues set forth by the court.  In addition, the response does not contain certain relevant exhibits, such as those relating to the petitioner's actions filed in the Eastern District which would aid this court in its determination of the specific issues set forth in its prior order.  While the response is adequate enough to assist the court in disposing of the instant action without further briefing, preparation of the instant report would certainly have been expedited if the court was not required to perform its own search of the Eastern District's electronic docketing system for each of the petitioner's actions filed in that court and print all relevant documents relating to those actions in order to adequately address those issues which should have been addressed by the respondent.

5

The court, on March 8, 2005, issued an administrative order which advised the petitioner of his rights with respect to filing future motions under § 2254, if the instant petition was considered on the merits.  (Doc. No. 38).

## II. DISCUSSION

### A. Petitioner's Previous Actions in the Eastern District

On September 8, 2000, the petitioner was convicted in the Philadelphia County Court of Common Pleas, by a jury, of criminal conspiracy[4].  The petitioner was ultimately sentenced on April 12, 2002, to five to ten years imprisonment.

On July 31, 2002, the petitioner filed his first petition for writ of habeas corpus in the Eastern District under the name of "Mark Wallace," in which he challenged the above conviction.  Specifically, the petitioner raised the following grounds for relief:

> (1) "Violation of the Speedy Trial and Due Process Right[s] under the V and VI Amen. and of the U.S. Constitution."

---

[4]The petitioner was originally charged in a seventy-seven (77) count indictment arising out of circumstances whereby the petitioner and other individuals were charged with setting fire to the car of his ex-girlfriend's sister and attempting to set fire to her house as well.  The petitioner originally waived his right to a jury trial and proceeded with a bench trial.  That trial ended, however, when the judge discovered that the defense had violated state discovery rules with respect to presenting an alibi witness.  As a result, the judge withdrew permission for a bench trial and the case proceeded before a jury.

6

(2) "Violation of the V Amendment's prohibition of a defendant being placed in jeopardy twice for the same offense."

(3) "Insufficiency of evidence."

(4) "Prosecutorial misconduct."

(5) "Abuse of discretion and judicial error."

(See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No. 02-6269[5], Doc. No. 49[6]).

In his filing, the petitioner conceded that he had not exhausted his state court remedies by either directly appealing his conviction to the Pennsylvania Superior or Supreme Courts, or by filing a post-conviction petition. The petitioner argued, however, that the exhaustion requirement should be excused because of inordinate delay in the state courts. (Id.).

In an addendum to the habeas petition filed in the Eastern District on August 22, 2002, the petitioner indicated that he had filed a petition for writ of habeas corpus in the Superior Court of Pennsylvania, which was denied on April 9, 2002, and that he filed another habeas petition in the Pennsylvania Supreme Court, which was denied on July 22, 2002. The petitioner argued that, because he included his double jeopardy and due process claims in the

---

[5]This case was originally assigned to the Honorable Jay C. Waldman and referred to the Honorable M. Faith Angell for Report and Recommendation. The case was subsequently transferred to the Honorable Eduardo C. Robreno.

[6]All Eastern District documents referred to herein may be accessed through the court's PACER system.

7

habeas petition submitted to the Pennsylvania Supreme Court, his claims were exhausted.  In support of this contention, the petitioner submitted to the Eastern District a copy of a July 22, 2002, order by the Supreme Court of Pennsylvania which denied his "Application for Extraordinary Relief and Stay Pending Action on Petition for Review."  (Id. at p. 7).

On October 11, 2002, the petitioner filed a second memorandum of law in support of Civil Action No. 02-6269, in which he challenged the state court's refusal to grant him "post sentencing bail pending appeal."  Specifically, the petitioner argued that the state court judge had arbitrarily revoked his bail on September 8, 2002, without a statement of reasons, in violation of his due process rights.  The petitioner further alleged that none of the state courts in which he sought redress provided him the opportunity to be heard on the issue of the improper denial of bail. As a result, he requested the Eastern District to "issue the writ ordering Petitioner's immediate release.[7]"  (Id. at p.

---

[7]From the record, it does not appear that the court took any specific action on the plaintiff's request for immediate release.  However, the record does reflect that the petitioner subsequently filed a motion for bail pending decision on his habeas petition in the Eastern District on January 24, 2003. This motion was denied by order dated January 27, 2003. The petitioner filed an appeal of the denial of his motion for bail in the United States Court of Appeals for the Third Circuit, which affirmed the decision of the lower court on April 23, 2003. (See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No. 02-6269, Doc. No. 49).

In the meantime, the petitioner filed a second motion for bail pending disposition of his habeas claims on January 28, 2003, which was dismissed as moot by order dated March 10, 2003, with a notation that the denial of the
(continued...)

8).

On January 8, 2003, the petitioner filed a second habeas petition in the Eastern District, this time under the name of "Mark Green," in which he again challenged his September 8, 2000, conspiracy conviction.  This matter was docketed to Civil Action No. 03-0095.  Upon review, it was determined that the pending petition, (i.e., Civil Action No. 02-6269), and the new habeas petition, (i.e., Civil Action No. 03-0095), raised the same claims.  As a result, by order dated January 30, 2003, the petitioner's second petition, (i.e., Civil Action No. 03-0095), was dismissed without prejudice to the petitioner's right to pursue his arguments in Civil Action No. 02-6269.  (Id. at p. 10).

On March 25, 2003, the petitioner filed a third habeas petition in the Eastern District, this time under the name of "Mark Brown.[8]"  This petition was docketed to Civil Action No. 03-1741.   Concerning this petition, the

---

[7](...continued)
first motion for bail was on appeal before the Third Circuit.

The petitioner filed a third motion for bail on December 23, 2003.  A hearing was held on the motion. By order dated January 26, 2004, the motion was denied. Upon review of the order denying the petitioner's motion for bail, the court notes that the petitioner appears to have raised the same contentions in support of his motion for bail in the Eastern District, which he raises in support of his motions for preliminary injunction now pending before this court. (See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No. 02-6269, Doc. No. 60).

[8]This petition was assigned to the Honorable Edmund V. Ludwig and referred to the Honorable Arnold C. Rapoport for Report and Recommendation.

respondent pointed out:

> This time, [petitioner] is appealing convictions of arson and aggravated assault – MC# 9810-5420. But these are not convictions; these charges were dismissed[9]. Rather, petitioner uses this opportunity to once again claim that he should not have been denied bail.

(See Brown v. Curran Frumhold Correctional Facility, United States District Court, Eastern District of Pennsylvania, Civil Action No. 03-1741, Doc. No. 15). In another filing responding to this same petition, the respondent argued:

> petitioner uses this "new" petition to once again complain that he should not have been denied bail in his other habeas case. Petitioner is not permitted to file subsequent habeas petitions, without the permission of the Third Circuit. See § 2244(b)(2)-(3).

(Id., (Doc. No. 13).

In considering the habeas petition filed in Civil Action No. 03-1741 and the responses thereto, the Eastern District Magistrate Judge to whom the case was assigned stated:

> In the instant pro se Petition, Petitioner specifically contends that he was arbitrarily denied bail without a statement of reasons, violating his Fourteenth Amendment due process rights. (Pet. at 9-10A). Respondents contend this Petition is a successive Petition which must be dismissed.

---

[9]As previously noted, the petitioner was originally charged in a seventy-seven count indictment. The petitioner was convicted by a jury of criminal conspiracy. He was acquitted on all remaining charges, which included seven counts of aggravated assault and one count of arson. (See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No. 02-6269, Attached Report and Recommendation, p. 3).

\* \* \*

> According to Respondents, Petitioner also alleges in his petition pending before Judge Robreno[10] that there was inordinate delay in his sentencing. The instant Petition contains <u>further</u> complaints of his denial of bail under a different name and case number.
>
> Because Petitioner is not permitted to file subsequent habeas petitions without the permission of the Third Circuit, the instant Petition is barred as a second or successive petition without permission under the federal habeas statute[11].

(See <u>Brown v. Curran Fromhold Correctional Facility, et al.</u>, United States District Court, Eastern District of Pennsylvania, Civil Action No. 03-1741, Doc. No. 18). The Magistrate Judge ultimately recommended that the petition filed to Civil Action No. 03-1741 be denied and dismissed with prejudice and that the respondent's motion to dismiss the petition as successive be granted. By order dated August 26, 2003, the court adopted the report of the Magistrate Judge. (<u>Id.</u>, Doc. No. 21).

In the meantime, on August 18, 2003, the Magistrate Judge assigned to consider Civil Action No. 02-6269 issued a report, in which it was recommended that the petition be dismissed for the petitioner's failure to exhaust state court remedies. In making this recommendation, the court found:

> In the instant case, Mr. Green has not exhausted state remedies. While the petitioner claims

---

[10]Referring to Civil Action No. 02-6269.

[11]Referring to 28 U.S.C. § 2244(b)(3)(A).

to have presented his double jeopardy and due process claims to the Pennsylvania Supreme Court prior to sentencing, he has not submitted any documentation to support this assertion. Therefore, he has not met his burden of proving that he has given the state courts one full opportunity to resolve his constitutional issues.

The Commonwealth represents that Petitioner's post-trial motions were denied on February 12, 2003, and that he did not file a direct appeal from his conviction. As the Commonwealth correctly notes Petitioner could pursue collateral state remedies in the PCRA forum. Because a state avenue of relief is available to Mr. Green, federal habeas review is not appropriate at the present time. See 28 U.S.C. § 2254©).

Petitioner argues that the exhaustion requirement should be excused in this case because of inordinate delay in the state forum.

Federal courts may entertain the merits of a petition for habeas corpus where no remedy exists at the state level or when the state process would frustrate the use of an available remedy. Inexcusable or inordinate delay may render the state remedy effectively unavailable. Travis v. Meyers, 36 Fed. Appx. 486, 487 (3d Cir. 2002)(citing Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994). Delays of eleven, five, twelve, and three years have been found sufficient to excuse the exhaustion requirement. Story, 26 F.3d at 405 (3d Cir. 1994).

In the instant case, there was some delay in sentencing (approximately 16 months), attributable in part to failure to bring Petitioner in from federal custody, in part to requests for continuances on Petitioner's behalf, and, in part to several changes in Petitioner's counsel. After petitioner was sentenced on September 25, 2002, the filing and resolution of post-verdict motions were delayed by another change in Petitioner's counsel, additional motions filed by Petitioner, and additional continuances. These delays do not rise to the level of inordinate delay which would excuse Petitioner's failure to exhaust.

At this point, it appears that Petitioner has not pursued a direct appeal from his conviction, choosing

> instead to file a variety of motions in the federal habeas forum.  Despite Petitioner's dissatisfaction with the state process and his belief that he has a valid double jeopardy claim, he must follow the required procedures before this court can decide the double jeopardy claim (and all other properly exhausted claims).  Petitioner still has an available state remedy in which to present his federal constitutional claims, which he must pursue by filing a collateral petition under the Pennsylvania Post Conviction Relief Act.  After Petitioner presents his federal constitutional claims initially to the PCRA Court, and then to the Superior Court, he may seek federal habeas relief, if appropriate.

(See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No. 02-6269, Doc. No. 49).

By memorandum and order dated February 17, 2004, the court adopted the report of the Magistrate Judge, in part.  To this extent, the court found, contrary to the Magistrate Judge, that the various delays following the petitioner's conviction rose to the level of inordinate and inexcusable delay. The court also found, however, that the exhaustion requirement need not be have been excused because the petitioner's case was "progressing along normally at this point."  As a result, the court dismissed the petition without prejudice for the petitioner's failure to exhaust state court remedies.  (See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No. 02-6269, (Doc. No. 69).  A petition for reconsideration was filed by the petitioner on March 3, 2004, and was denied by memorandum and order dated April 30, 2004.  (See Green v. Dragovich, United States District Court, Eastern District of Pennsylvania, Civil Action No.

13

02-6269, Doc. No. 84).

The petitioner, through appointed counsel, appealed the denial of his habeas petition to the Third Circuit.  As of the final docket entry of July 2, 2005, the petitioner's appeal was referred to the merits panel which was calendered to consider the matter on July 12, 2005.  (See Wallace v. Dragovich, Third Circuit Court of Appeals Docket No. 04-2422).

In the meantime, on June 30, 2004, the petitioner filed a fourth habeas petition in the Eastern District, again under the name of "Mark Wallace."  (See Wallace v. Superintendent of State Correctional Institution, United States District Court, Eastern District of Pennsylvania, Civil Action No. 04-2881)[12]. In this action, the petitioner again argued that the state court improperly denied him bail.  In conjunction with this petition, the petitioner also filed a motion for preliminary injunction which mirrored in substance those filed in the instant action.  (Id., Doc. Nos. 9-10).  By report dated April 14, 2005, the Magistrate Judge to whom the case was assigned recommended that the habeas petition be denied on the merits.  In addition, it was recommended that the motion for preliminary injunction be denied as moot because the petitioner was requesting greater relief than he would have been entitled. (See United States District Court, Eastern District of Pennsylvania, Civil Action No. 04-2881, Doc. No. 14).  By order dated April 26, 2005, the court adopted

---

[12]This case was assigned to the Honorable Robert F. Kelley and referred to the Honorable Diane M. Welsh for Report and Recommendation.

the report of the Magistrate Judge and denied both the habeas petition and the motion for preliminary injunction.  (See United States District Court, Eastern District of Pennsylvania, Civil Action No. 04-2881, Doc. No. 17).

### B.  Petitioner's State Court Direct Appeal

On March 13, 2003, counsel for the petitioner filed a direct appeal of the petitioner's September 8, 2000, conviction in the Pennsylvania Superior Court. (See Commonwealth of Pennsylvania v. Wallace, Superior Court of Pennsylvania, Docket No. 866 EDA 2003).   Apparently, there was some confusion in the state court as to which Common Pleas judge should draft the opinion in support of the judgment as required by Pa.R.App.P. 1925(b) because the judge who presided over the petitioner's trial was not the same judge who sentenced him.  As a result, the petitioner's attorney filed an application for an order to compel the opinion.  This application was granted, and by order dated January 14, 2004, the Superior Court directed, among other things, that the presiding judge file the opinion pursuant to Rule 1925(a) and that the Prothonotary of the Superior Court establish a briefing schedule. On February 3, 2004, the presiding judge filed an opinion pursuant to Rule 1925(a), and a briefing schedule was subsequently established.

After having been granted an extension of time to do so, on April 30, 2004, counsel for the petitioner filed an appellate brief.  While awaiting briefing by the Commonwealth, on June 11, 2004, the petitioner sought to have the

counseled appellate brief stricken and to have his counsel replaced. The Superior Court granted the petitioner's request. On July 14, 2004, the petitioner's counsel was replaced. Shortly thereafter, on September 2, 2004, the petitioner moved to have his counsel withdrawn and to proceed pro se. As a result, by order dated September 27, 2004, the matter was remanded to the Common Pleas Court for a determination as to whether the petitioner's waiver of appellate counsel was knowing and voluntary. However, when the hearing was convened, the petitioner refused to participate. (Doc. No. 34, Ex. C). Once again, the matter came before the Superior Court, at which time another hearing was ordered on the petitioner's waiver of counsel. On February 8, 2005, the Common Pleas Court ordered that the petitioner could proceed pro se and, as a result, on February 10, 2005, a briefing schedule was established. As of the final docket entry of July 11, 2005, the petitioner's appeal has been fully briefed and submitted to a panel for consideration. (See Commonwealth of Pennsylvania v. Wallace, Superior Court of Pennsylvania, Docket No. 866 EDA 2003).

### C.  Petitioner's Instant Habeas Petition

As previously directed, the court must consider the actions filed by the petitioner in the Eastern District and how the decisions in those actions impact on the petitioner's filing in this District. Specifically, the court must determine

whether, in light of those filings, the instant action constitutes a second or

successive petition pursuant to § 2244.   With regard to this issue, having a

more complete picture of the petitioner's filings in the Eastern District, the

court believes that the instant action cannot be classified as a "second or

successive" petition pursuant to § 2244.   With respect to the successive

petition rule, the Second Circuit has explained:

> While the [Antiterrorism and Effective Death Penalty Act] sets procedures for filing a successive petition, . . . it does not define successive.   As we recently explained, [c]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a second petition for the purposes of AEDPA.
>
> In other words, while prisoners are generally restrained from the filing of repetitious petitions for habeas corpus under the doctrine forbidding abuse of the writ, the particular restrictions imposed by § 2244 apply only if the petitioner has filed at least two petitions that were properly counted under that section.
>
> Not all petitions filed under the habeas statue count under AEDPA's successive petition rule.   For example, where a first petition is dismissed for technical procedural reasons, such as failure to exhaust state remedies, a refiling of that petition after complying with the required formalities does not qualify as second or successive.   More importantly for present purposes, even a petition that has been finally adjudicated on the merits will not count for the purposes of the successive petition rule unless the second petition attacks the same judgment that was attacked in the prior petition.   In other words, two petitions are not successive under § 2244 merely because they are both brought by the same prisoner. Rather, to be considered successive, a prisoner's second petition must, in a broad sense, represent a

> second attack by a federal habeas petition on the same conviction.  As we have previously noted, while AEDPA restricts the writ of habeas corpus, it nonetheless ensures every prisoner one full opportunity to seek collateral review.  And, it is only after the prisoner has used the allowance of one habeas petition attacking the judgment that the second or successive petition rule restricts his ability to lodge further such attacks.

Vasquez v. Parrott, 318 F.3d 387, 389-90 (2d Cir. 2003)(citations and internal quotations omitted).   See also Christy v. Horn, 115 F.3d 201 (3d Cir. 1997)(when state inmate's habeas petition has been dismissed without prejudice for failure to exhaust state court remedies, the inmate is not required to seek authorization from the Court of Appeals under § 2244 before filing a subsequent petition and the subsequent petition will be considered as if it were the first such filing).   This rule has been upheld even where the subsequent petition contains new habeas claims that were not presented in the original petition, as in the instant case[13].   See Carlson v. Pitcher, 137 F.3d 416 (6th Cir. 1998).

Given the above, even considering the fact that the petitioner has filed four other habeas petitions in the Eastern District challenging the same conviction as is challenged in the instant action, this does not render the instant action a second or successive petition for purposes of § 2244.  The first two petitions, Civil Action No. 02-6269 and Civil Action No. 03-0095, were

---

[13]There is no indication from the record that the petitioner raised his claim relating to the calculation of his sentence in any of his other habeas petitions in the Eastern District.

consolidated for disposition and ultimately disposed of for technical procedural reasons, in that the petitioner had failed to exhaust his state court remedies. The third petition, Civil Action No. 03-1741, was  dismissed by the Eastern District as a successive petition pursuant to § 2244[14].   Moreover, the final petition, Civil Action No. 04-2881, which was filed after the instant action, has just recently been decided on the merits by the Eastern District.  Because that action was filed subsequent to the instant action, it cannot technically be considered a "prior" petition pursuant to the dictates of § 2244.  To this extent, the merits decision did not exist at the time the petitioner filed the instant action.  Therefore, the petitioner could not have sought permission from the Third Circuit to file the instant action as a second or successive petition[15].  As such, the instant action cannot technically be classified as a second or successive petition pursuant to § 2244[16].

---

[14]Given the courts' holdings on what constitutes a second or successive petition for purposes of § 2244, this ruling is questionable.

[15]The court notes, however, that because the petitioner has now had his petition decided on the merits, he must seek permission from the Third Circuit prior to filing any additional petitions.

[16]Conceivably, the petitioner's filing could be considered an abuse of the writ as provided for by Rule 9 of the Rules Governing Section 2254 Cases. 28 U.S.C. foll. § 2254.  To this extent, the petitioner filed three habeas petitions prior to filing the instant action and in none of them raised his claim relating to the calculation of his sentence.  There appears to be no valid reason, on the record, for his failure to do so.  However, abuse of the writ committed by filing successive habeas corpus petitions is an affirmative
(continued...)

This being said, it is clear that the petitioner has yet to exhaust his state court remedies.   To this extent, by order dated February 17, 2004, the Honorable Eduardo C. Robreno dismissed the petitioner's petition in the Eastern District for failure to exhaust state court remedies, noting that the petitioner's appeal "now appears to be proceeding normally."   With the exception of some minor delay due to the petitioner's repeated change of counsel and his subsequent decision to proceed pro se, the petitioner's appeal is still "proceeding normally" in the state court, with briefing having been completed and the matter having now been submitted to a panel for decision.   Therefore, because the petitioner's direct appeal challenging the conviction which is the subject matter of this petition is still pending in the state court, he has not yet exhausted his state court remedies.

Even if the petitioner had exhausted his state court remedies, however, the court would recommend dismissal of the instant petition, as well as the petitioner's motions for preliminary injunction, for the reasons set forth by the Eastern District in disposing of these same matters in Wallace v.

---

[16](...continued)
defense which must be raised by the government.  Burris v. Farley, 51 F.3d 655, 658 (7th Cir. 1995).  To be applicable, the government must assert this defense by pleading, with clarity and particularity, the petitioner's prior writ history; the claims which appear for the first time; and the allegation that the petitioner has abused the writ.  Only then does the burden shift to the prisoner to disprove this allegation. McClesky v. Zant, 499 U.S. 467, 495 (1991).  In this case, although the respondent has referred to the petitioner as a "serial litigator," and set forth the history of the petitioner's filings, the respondent has not asserted abuse of the writ as an affirmative defense.

Superintendent of State Correctional Institution, United States District Court,

Eastern District of Pennsylvania, Civil Action No. 04-2881.


## IV.  CONCLUSION

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

**(1)** the instant petition, **(Doc. No. 1)**, be **DENIED**; and

**(2)** the petitioner's motions for a preliminary injunction, **(Doc. Nos. 6, 19, 32)**, be **DENIED**.



<u>**s/ Malachy E. Mannion**</u>
**MALACHY E. MANNION**
**United States Magistrate Judge**


**Date:** July 13, 2005

O:\shared\REPORTS\2004 Reports\04-1542.1.wpd