IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK WALLACE a/k/a**<br>**MARK GREEN,** | **CIVIL NO. 1:CV-04-1542** |
| Petitioner | **(Judge Rambo)** |
| v. | **(Magistrate Judge Mannion)** |
| **SUPERINTENDENT,**<br>**SCI-CAMP HILL; and**<br>**and ATTORNEY GENERAL OF**<br>**THE STATE OF PENNSYLVANIA,** | |
| Respondents | |

## **M E M O R A N D U M**

### **I. Introduction**

Before the court is a report of the magistrate judge in which he recommends that the instant petition for writ of habeas corpus be denied as well as the motions for preliminary injunctions. The instant habeas petition raises the following issues: (1) that Petitioner was denied bail without a statement of reasons in violation of his Fourteenth Amendment due process rights; and (2) that his equal protection rights are being violated because he has been denied credit for presentence incarceration time. The court will adopt the recommendations but for reasons stated below.

### **II. Background**

The background of this case is set forth in the report of the magistrate judge. For the purposes of this memorandum, it is important to note the following history. Petitioner has filed four habeas petitions in the Eastern District of

Pennsylvania[1] and the instant petition in the Middle District of Pennsylvania filed on July 16, 2004.  All of the habeas petitions arise as a result of an underlying conviction in Philadelphia County to Information No. 950, November Term, 1998.

In No. 03-1741 and No. 04-2881, both filed in the Eastern District of Pennsylvania, the bail issue was raised.  By order of April 14, 2005, Judge Kelly of that district court decided this issue adverse to Petitioner.

The issue of credit before sentencing first appears in the instant petition.

On February 17, 2004, in Eastern District Case No. 02-6269, Judge Robreno held that the issues arising in Petitioner's filings had not been exhausted in the state courts and that the appeals process in the state courts were available to Petitioner. *See Green a/k/a Wallace a/k/a Brown v. Dragovich*, 2004 U.S. Dist. LEXIS 2454 (Feb. 17, 2004).

### III. Discussion

In his objections to the report and recommendation, Petitioner continues to object to the magistrate judge's conversion of his original petition filed pursuant to 28 U.S.C. § 2241 to a filing pursuant to 28 U.S.C. § 2254.  The language of 28 U.S.C. § 2254(a) refers generally to an application "on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  "[T]his statute in effect implements the general grant of habeas corpus authority found in § 2241 . . . ." *Coady*

---

[1] *Green v. Dragovich*, No. 02-6269 (E.D. Pa.); *Green v. Dragovich*, No. 03-0095 (filed 01/08/2003, E.D. Pa.); *Brown v. Curran Fromhold Correctional Facility, et al.*, No. 03-1741 (E.D. Pa.); and *Wallace v. Superintendent of State Correctional Institution*, No. 04-2881 (filed June 30, 2004, amended November 10, 2004 and amended January 13, 2005, E.D. Pa.).

*v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001). Petitioner is in custody pursuant to a judgment of a state court; therefore, § 2254 applies.

Petitioner further argues that he was not given notice that his petition was being converted from a § 2241 to a § 2254 petition. However, on March 8, 2005, the magistrate judge issued an Administrative Order with Notice of Limitations advising Petitioner of this action. The docket shows proof of mailing to Petitioner at his correct address. No return of the document was received by the Clerk of Court.

Petitioner also objects to the magistrate judge's disposition of the bail issue and the alleged failure to rule on the pretrial custody credit. As noted above, the bail issue was decided on the merits by Judge Kelly of the Eastern District of Pennsylvania. This court, therefore, considers this issue to be moot.

As to the pretrial custody credit, the failure to exhaust requirement has not been met. Judge Robreno has held that Petitioner must return to state court to exhaust the claims. *Green a/k/a Wallace a/k/a Brown v. Dragovich*, 2004 U.S. Dist. LEXIS 2454 (Feb. 17, 2004). The claims in the instant petition arise from the same state court judgment and are therefore implicated in the same state court appeal.

                                                         s/Sylvia H. Rambo
                                                         SYLVIA H. RAMBO
                                                         United States District Judge

Dated: September 20, 2005.


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK WALLACE a/k/a**<br>**MARK GREEN,** | **CIVIL NO. 1:CV-04-1542** |
| Petitioner | **(Judge Rambo)** |
| v. | **(Magistrate Judge Mannion)** |
| **SUPERINTENDENT,**<br>**SCI-CAMP HILL; and**<br>**and ATTORNEY GENERAL OF**<br>**THE STATE OF PENNSYLVANIA,** | |
| Respondents | |

## O R D E R

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the recommendation only of Magistrate Judge Mannion.

2) The petition is dismissed with prejudice on the bail issue raised in the petition.

3) The petition is dismissed without prejudice on the pretrial custody credit issue.

4) This court declines to issue a certificate of appealability.

5) The Clerk of Court shall close the file.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: September 20, 2005.